IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANCIS MACKENZIE,<br><br>               Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>CASE NO. 2:14-CV-00455-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Francis Mackenzie ("Plaintiff") seeks review pursuant to 42 U.S.C. § 405(g) of the final decision by Defendant Carolyn Colvin, Acting Commissioner of Social Security, (the "Commissioner") denying his application for disability insurance benefits. After considering the parties' briefing and oral argument, the court **AFFIRMS** the Commissioner's decision.

## ISSUES PRESENTED

Plaintiff argues that the administrative law judge (the "ALJ") erred in the weight he accorded the opinions of Drs. Newton and Watson, and that later evidence submitted to the agency's Appeals Council requires this matter be remanded for further administrative proceedings. The court finds neither argument persuasive.

## STANDARD OF REVIEW

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were

1

applied." *Mays v. Colvin,* 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla," or such evidence as a "reasonable mind might accept as adequate to support a conclusion." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "In reviewing the ALJ's decision, [a court may] neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin,* 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted). Where the evidence as a whole supports the ALJ's decision, that decision must be affirmed, regardless of whether the court would have reached a different result had the record been before it de novo. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## The Opinions of Drs. Newton and Watson

Dr. Bruce Newton saw Plaintiff following his workplace injury in late 2008. Dr. Newton authored three opinions of Plaintiff's physical functional limitations:

- In May 2009, he opined that Plaintiff could lift no more than 50 pounds and should avoid repetitive lifting and repetitively flexing and extending his spine.

- In October 2009, after Plaintiff's girlfriend asked for a more restrictive opinion, Dr. Newton opined that Plaintiff should avoid lifting over 50 pounds and repetitive flexion and extension of his spine, and further opined that Plaintiff needed to frequently change position, with sitting limited to 30 minutes at a time. In a concurrent form, he opined that Plaintiff could only sit, stand, or walk for 30 minutes at a time before changing position, but could sit for four hours in a workday and stand or walk for four hours in a workday.

- In May 2012, Dr. Newton opined that Plaintiff could sit for one hour at a time and about two hours in a workday; could stand for 30 minutes at a time and about two hours in a workday; could never lift 50 pounds but could occasionally lift 20 pounds; had a number of postural limitations; and would likely be absent from work more than four days per month.

Dr. Randall Watson authored opinions of Plaintiff's physical and mental functional limitations in May 2012. He opined that Plaintiff could sit for more than two hours at a time and about two hours total in a workday; stand for 30 minutes at a time and less than two hours in a workday; lift 20 pounds rarely and 10 pounds occasionally; and rarely engage in postural activities. Dr. Watson checked boxes indicating that Plaintiff experienced moderate to extreme limitations on understanding and memory; mild to moderate limitations on interacting with supervisors, coworkers, and the public; marked limitations on maintaining sustained concentration and persistence; and moderate to marked limitations on the ability to adapt in a routine work setting.

The ALJ gave no weight to Dr. Newton's or Dr. Watson's opinions. The ALJ did not err regarding the weight given these opinions. Plaintiff's challenge is premised on the assumption that Drs. Newton and Watson were "treating physicians," and thus their opinions are entitled to a presumption of controlling weight. However, "[a] physician's opinion is . . . not entitled to controlling weight on the basis of a fleeting relationship, or merely because the claimant designates the physician as her treating source." *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir.

2003). To be designated a treating physician, a doctor must have a treating relationship, which "requires a relationship of both duration and frequency." *Id.*

The ALJ did not find that either doctor was a treating physician or that either doctor's opinion was presumptively entitled to controlling weight. Based on the record, the ALJ did not err in not according Drs. Newton and Watson treating physician status. To the contrary, the record establishes that Drs. Newton and Watson did not have the requisite "relationship of both duration and frequency" to qualify them as treating physicians whose opinions are entitled to a presumption of controlling weight.

Plaintiff had relatively limited contact with either doctor, and much of that contact appears to have been for purposes of buttressing disability claims, not seeking treatment. For example, Dr. Newton saw Plaintiff at most three times in three years. The record contains only *one* record of an examination prior to Plaintiff's date last insured: Dr. Newton's May 2009 examination. There is no evidence that Dr. Newton examined Plaintiff in October 2009 prior to issuing his second opinion. Rather, it appears that that opinion was a response to Plaintiff's girlfriend asking Dr. Newton to re-visit his opinion because Plaintiff's attorney wanted a medical opinion indicating that he could not return to any past work. A doctor's visit solely to obtain a report for a disability claim does not make that doctor a "treating source." *See* 20 C.F.R. § 404.1502. Similarly, there are no treatment notes from Dr. Watson pre-dating his opinion and there is no evidence that Dr. Watson examined Plaintiff prior to rendering his opinions.

Thus, the court finds that the ALJ did not err in not according Drs. Newton and Watson treating physician status and thus not according their opinions controlling weight.

4

In addition, even if a doctor is deemed a treating physician, the opinion of that doctor is only entitled to controlling weight if it is well-supported by the medical evidence and "is not inconsistent with other substantial evidence in the record." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). An ALJ may reject a treating physician's opinion outright on the basis of contradictory medical evidence. When an ALJ rejects a treating physician's opinion, he must articulate "specific, legitimate reasons for his decision." *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

As discussed above, the ALJ did not err in not according treating physician status to Drs. Newton and Watson. That said, even if the ALJ had accorded them treating physician status, the ALJ would not have erred in not according their opinions controlling weight. The doctors' opinions are not well supported by medical evidence and are clearly inconsistent with substantial evidence in the record, and the ALJ clearly articulated reasons for rejecting their opinions, including those opinions being internally inconsistent.

Finally, the Commissioner acknowledges that the ALJ erred in discounting some portion of the opinions of Drs. Watson and Newton based on an apparent mistake regarding Plaintiff's date last insured. That said, the court finds that the error was harmless because the ALJ's decision included sufficient additional bases for discounting the opinions. Thus, the error was immaterial. *See Lax*, 489 F.3d at 1088 (ALJ's error in relying on an invalid reason for invalidating the claimant's IQ scores was harmless where the ALJ identified other valid reasons for finding); *cf. Butler v. Astrue*, 410 F. App'x 137, 139 (10th Cir. 2011) (unpublished) ("We agree with Mr. Butler that it is not clear why the ALJ thought his testimony about his work at

Home Depot was contradictory. But we need not address this issue, because the ALJ's other reasons provide substantial evidence to support the credibility determination.").

### The Appeals Council Evidence

Following the ALJ's January 2014 decision, Plaintiff submitted additional evidence to the agency's Appeals Council. Approximately one week after the ALJ denied Plaintiff's application, Plaintiff was hospitalized with suicidal thoughts purportedly due to the denial. Providers observed that Plaintiff was depressed and crying, but noted that he had normal range of motion in all extremities and his spine, and had no motor or sensory deficits. In February 2014, Dr. Newton issued a letter to clarify his opinions, explaining that Plaintiff could lift up to 49 pounds, but that he had reduced Plaintiff's tolerance for sitting and standing to four hours "based upon [Plaintiff's] report of intolerance for the activities."

If new and material evidence is submitted to the Appeals Council following an ALJ's decision, the Appeals Council considers the additional evidence only where it relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). The Appeals Council then evaluates the entire record—including the temporally relevant new and material evidence—and will review the case if it finds that the ALJ's actions, findings, or conclusions are contrary to the weight of all of the evidence, including the relevant new and material evidence. *Id*.; *see also Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006) (citing 20 C.F.R. § 404.970(b)). On review, the court must determine whether or not the additional evidence submitted to the Appeals Council upsets the ALJ's decision. *See Martinez v. Astrue*, 389 F. App'x 866, 869 (10th Cir. 2010) (unpublished). This requires the court to speculate to

6

some extent about the proper weight to be given to the later evidence. *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994) ("Of necessity, that means that we must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing."); *see also Martinez*, 389 F. App'x at 869.

The court finds that neither the post-denial hospitalization nor Dr. Newton's 2014 letter constitutes new and material evidence. Plaintiff's hospitalization after the denial is not new or material evidence regarding the severity of his impairments prior to his date last insured. Further, the ALJ found that Plaintiff had several severe mental impairments and included significant mental limitations within his residual functional capacity ("RFC"). Moreover, Plaintiff fails to link his post-denial response to the ALJ's decision to any workplace limitations that the ALJ did not include within his RFC.

Dr. Newton's February 2014 letter is also not new material evidence. The letter was drafted in response to the ALJ's denial of the claim, and came approximately six months after the ALJ requested that Dr. Newton explain discrepancies in his opinions and explain the bases for changes between those opinions. Dr. Newton's positions across his various opinions are internally inconsistent, if not contradictory. Dr. Newton does not appear to see the rather obvious discrepancies between his opinions, further calling into question his opinions. Dr. Newton states that he changed his opinion "based upon the patient's report of intolerance for the activities." The ALJ found Plaintiff's self-reporting to be self-serving and not entirely credible. A doctor's opinion premised upon a claimant's properly-discounted reports may be discounted. *See Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009).

It also appears that observations relied upon by Dr. Newton date from a July 2013 examination, approximately seven months after Plaintiff's date last insured.

Accordingly, Plaintiff failed to present new and material evidence. To the extent that the post-denial hospitalization and Dr. Newton's 2014 letter are "new" evidence, they: (1) are not material; (2) are contradicted by other evidence; (3) rely on matters falling well after the date last insured; and/or (4) do not justify disturbing the ALJ's decision.

## CONCLUSION

The court finds that the ALJ's decision in this matter is supported by substantial evidence in the record and the correct legal standards were applied. As such, Plaintiff's arguments fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**. The Clerk of Court is directed to close the case.

DATED this 8th day of June, 2016.

_____
PAUL M. WARNER
United States Magistrate Judge